UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TRENT O'BRIAN BYRD, II,           )
                                  )
    Plaintiff,                    )
                                  )
v.                                )     No. 3:10-CV-543
                                  )     (Phillips)
ALLSTATE INSURANCE COMPANY,       )
                                  )
    Defendants.                   )

## MEMORANDUM AND ORDER

Plaintiff Trent Byrd has brought this action against Allstate for damages sustained to his home after a fire. Plaintiff alleges that Allstate breached the contract of insurance between the parties when Allstate denied his claim. This matter is before the court on Allstate's motion for partial summary judgment as to plaintiff's claim for bad faith under Tenn. Code Ann. § 56-7-105 (Bad Faith Penalty). Because plaintiff failed to comply with the provisions of the statute, summary judgment will be granted to Allstate on the bad faith claim.

## Standard for Review

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the

moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Plaintiff Byrd has failed to respond to Allstate's motion for partial summary judgment and pursuant to LR 7.2, his failure to respond will be deemed a waiver of any opposition to the relief sought.

## **Analysis**

Byrd alleges that Allstate acted in bad faith when it denied his claim for fire loss. Plaintiff's claim for bad faith arises under Tenn. Code Ann. § 56-7-105, which provides for recovery of a sum not exceeding twenty-five percent (25%) of the liability for

2

a loss as long as certain conditions are met prior to suing for a bad faith refusal to pay. This statute is penal in nature, and all elements must be strictly construed. *St. Paul Fire & Marine Ins. Co. v. Kirkpatrick*, 164 S.W. 1186, 1190 (Tenn. 1914). Plaintiff has the burden of proving bad faith. *Palmer v. Nationwide Mut. Fire Ins. Co.,* 723 S.W.2d 124, 126 (Tenn.Ct.App. 1986). Allstate argues that summary judgment should be granted on this issue because plaintiff failed to comply with Tenn. Code Ann. § 56-7-105 which requires that four conditions be met before an award of the bad faith penalty is proper: (1) the policy by its terms must have become due and payable; (2) a formal demand for payment must have been made; (3) the insured must have waited sixty (60) days after making a demand before filing suit; and (4) the refusal to pay must not have been in good faith. *Palmer,* 723 S.W.2d 124 (Tenn.Ct.App. 1986).

It is the insured's burden to show that a formal demand has been made. *Musser v. Tenn. Farmers Mut. Ins. Co.,* 1989 WL 135328 *2 (Tenn.Ct.App. 1989). Allstate has submitted the affidavit of Wilbur Jordan, Claims Representative for Allstate, who states that he has never received any correspondence from plaintiff or his counsel purporting to be a formal notice of plaintiff's intention to seek damages under the bad faith penalty. Further, Jordan states that his first knowledge of any litigation by Byrd did not occur until he received plaintiff's complaint. Although Byrd initially completed all of the forms required by Allstate and cooperated by submitting to an Examination Under Oath, this does not meet the statutory requirement that a formal demand for payment must be made. *See Walker v. Tenn. Farmers Mut. Ins. Co.,* 568 S.W.2d 103, 106 (Tenn.Ct.App. 1977). Moreover, simply contacting Allstate to report the loss cannot be equated with a formal demand for

payment for purposes of the bad faith statute.  *See Musser* 1989 WL 135328 at *2.  Therefore, the court finds that Byrd has failed to comply with the formal demand requirement of Tenn. Code Ann. § 56-7-105.

Moreover, assuming that Byrd communicated a formal demand pursuant to § 56-7-105, he did not do so sixty (60) days in advance of filing suit.  As stated above, Allstate never received a formal demand letter from Byrd sixty days before suit was filed or any time whatsoever.  This court has recognized that

> The Tennessee Supreme Court has made it clear the purpose of the bad faith statute is to allow the insurer to evaluate its reasons for denying the claim after being aware for sixty days that if the claim is not paid, the insurer faces the risk of exposure to a bad faith penalty claim.

*Zientek v. State Farm Int'l Servs. Inc.,* 2006 WL 925063 (E.D.Tenn. Apr. 10, 2006); *see also Cracker Barrel Old Country Store Inc. v. Cincinnati Ins. Co.,* 590 F.Supp.2d 970, 975 (E.D.Tenn. 2008).  In *Zientek,* this court further recognized that the plaintiffs had to wait sixty days before filing their claim against the defendant insurance company, and that the plaintiffs could have filed suit at any time after sixty days.  *Id.* at *4.  The sixty day demand requirement does not have any bearing upon the right of the insured to enforce the contract itself, nor is it unjust or improper to require it.  *Walker*, 568 S.W.2d at 106.  By filing suit, Byrd exercised his right to enforce the insurance contract.  Because no demand letter was ever sent by plaintiff to Allstate, the court finds that he has voluntarily waived his right to seek a bad faith penalty.  Accordingly, the court finds that Allstate is entitled to judgment as a matter of law on plaintiff's claim for the bad faith penalty under Tenn. Code Ann. § 56-

4

7-105, and Allstate's motion for partial summary judgment [Doc. 9] is **GRANTED**, whereby plaintiff's claim for the bad faith penalty is **DISMISSED.**

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge